**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 8, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ERIKA JACOBS,

    Plaintiff - Appellant,

v.

OKLAHOMA TAX COMMISSION,

    Defendant - Appellee.

No. 21-6170
(D.C. No. 5:21-CV-00055-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Erika Jacobs, proceeding pro se, appeals from the district court's dismissal of

her suit against the Oklahoma Tax Commission (OTC).  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

Ms. Jacobs was a part-year resident of Oklahoma in 2018 and 2019.  She filed

tax returns and paid Oklahoma income taxes for both years.  But the OTC disagreed

with her calculations of what she owed, asserting that (1) for the 2018 tax year, she

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

owed an additional $25, and (2) for the 2019 tax year, she was not entitled to the $209 refund she claimed, and she owed another $134.

Ms. Jacobs filed suit against the OTC in federal court, complaining that the OTC had recalculated her taxes. For relief, she asked the court to order the OTC to issue her a $209 refund for the 2019 tax year and to declare her taxes paid in full for the 2018 tax year. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the district court dismissed the suit without prejudice because "[a]t its core, [the] case challenge[d] a determination of her tax liability by the State of Oklahoma," R. at 30, and therefore it was barred by the Tax Injunction Act (TIA), 28 U.S.C. § 1341.

We review the dismissal order de novo. *See Chamber of Com. of U.S. v. Edmondson*, 594 F.3d 742, 760-61 (10th Cir. 2010) (de novo review of applicability of TIA); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (de novo review of dismissal under § 1915(e)(2)(B)(ii)). Because Ms. Jacobs proceeds pro se, we construe her filings liberally. *See Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).

Ms. Jacobs asserts the district court erred in dismissing her suit because (1) the court had federal-question jurisdiction under 28 U.S.C. § 1331, and (2) the action was not barred by the TIA. But the TIA may apply even where a complaint suggests federal-question jurisdiction. *See Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986) ("Basing a complaint upon alleged violation of civil rights . . . or of the Federal Constitution will not avoid the prohibition contained in Section 1341."

(internal quotation marks omitted)).  Because Ms. Jacobs' second argument is dispositive of the appeal, we need not address her first argument.

The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  This provision "erects a broad barrier to the jurisdiction of federal courts." *Chamber of Com.*, 594 F.3d at 761; *see also Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 n.2 (10th Cir. 1999) ("In accordance with . . . Supreme Court precedents, we treat the Tax Injunction Act as a bar to federal jurisdiction over cases involving the enjoinment, suspension, restraint, levy, or collection of taxes imposed by states.").  And the TIA bars not only injunctive relief, but also declaratory relief and damages suits regarding state tax matters.  *See Marcus*, 170 F.3d at 1309; *Brooks*, 801 F.2d at 1239.

Ms. Jacobs' complaint requests that the district court order the OTC to issue her a refund for the 2019 tax year and to declare her tax liabilities as paid in full for the 2018 tax year.  Thus, the suit plainly seeks to enjoin or restrain the assessment, levy, and collection of Oklahoma income tax from Ms. Jacobs for those tax years.  Further, this court previously has determined that Oklahoma's state courts provide a plain, speedy and efficient remedy for tax disputes.  *See Hill v. Kemp*, 478 F.3d 1236, 1253-54 (10th Cir. 2007) ("We have heard no convincing reason to suppose that Oklahoma fails to provide its citizens sufficient process for challenging its tax laws; very much to the contrary."); *Cities Serv. Gas Co. v. Okla. Tax Comm'n*, 656 F.2d

3

584, 587-88 (10th Cir. 1981) (concluding that Oklahoma's judicial remedy for tax disputes sufficed to support application of the TIA). Accordingly, the TIA deprived the district court of jurisdiction to hear the case.

We affirm the district court's dismissal of Ms. Jacobs' complaint.

Entered for the Court


Nancy L. Moritz
Circuit Judge